**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

(1) CENTRAL MUTUAL INSURANCE )
COMPANY as subrogee of DAVID )
RICH COMPANY, )
                                          )
           **Plaintiff,** )
                                          )
vs. )           Case No. 15-CV-559-TCK-FHM
                                          )
(1) BROAN-NUTONE, LLC, and )
(2) A.O. SMITH CORPORATION, )
                                          )
           **Defendants.** )

## OPINION AND ORDER

Before the Court are Defendant A.O. Smith Corporation's ("A.O. Smith") Motion to Deem Unopposed Motion for Summary Judgment and Unopposed Daubert Motion Confessed ("Motion to Deem Confessed") (Doc. 41) and Plaintiff's combined Response in Opposition to Defendant A.O. Smith Corporation's Motion to Deem Confessed ("Opposition") and Motion for Extension of Time to Respond ("Motion for Extension") (Doc. 42).

**I.     Factual Background**

On February 21, 2017, A.O. Smith filed a motion for summary judgment (Doc. 38) and a motion to exclude testimony (Doc. 39) (collectively, the "Underlying Motions"). Plaintiff failed to respond to the Underlying Motions by the required date. On March 20, 2017, A.O. Smith filed its Motion to Deem Confessed. On March 20, 2017, Plaintiff filed its Opposition and Motion for Extension. On March 22, 2017, A.O. Smith filed a reply in support of its Motion to Deem Confessed (Doc. 43). On March 28, 2017, Plaintiff filed an Unopposed Motion for Oral Argument on the Motion to Deem Confessed and Motion for Extension (Doc. 44).

Plaintiff's lead counsel, James B. Hamilton ("Hamilton"), is admitted *pro hac vice* in this proceeding. Hiltgen & Brewer, P.C., an Oklahoma law firm, is serving as local counsel. Hamilton did not receive notice of electronic filing of the Underlying Motions because he first became a registered user of the Case Management and Electronic Case Filing ("CM/ECF") system in the Northern District of Oklahoma on March 3, 2017, after the Underlying Motions were filed. Hamilton was first alerted to the existence of the Underlying Motions when he received notification through CM/ECF of the filing of the Motion to Deem Confessed. Plaintiff argues that A.O. Smith failed to serve the Underlying Motions on Hamilton in accordance with the Court's CM/ECF Administrative Manual, which states that an "e-filer **must** manually serve parties and/or attorneys who are not CM/ECF Users with a copy of any document filed electronically in accordance with the Federal Rules of Procedure and the Local Rules." (Pl.'s Opp. Ex. 6). Because Hamilton did not receive service or notice of the filing of the Underlying Motions, Plaintiff states that it "was prejudiced from filing timely responses," (Pl.'s Opp. ¶ 12), and requests leave to file responses to the Underlying Motions within 10 days.

A.O. Smith argues that because the Underlying Motions were properly served on Plaintiff's local counsel, Hamilton is deemed to have received service pursuant to N.D. Okla. Civ. R. 83.3(b), which provides that "[a]ny notice, pleading or other paper may be served upon the local counsel with the same effect as if personally served on the non-resident attorney." A.O. Smith also requests an award of attorney fees and costs incurred pursuant to N.D. Okla. Civ. R. 7.2(f).

**II. Analysis**

Under N.D. Okla. Civ. R. 7.2(e), the Court may, in its discretion, deem confessed any non-dispositive motion that is not timely opposed. With respect to dispositive motions, under Local Rule 7.2(f), the Court has discretion to either grant additional time to respond to the motion or, upon

motion, to grant confession of judgment. Rule 7.2(f) also permits the Court, in either event, to award "sanctions, including but not limited to all attorney fees and costs incurred by the moving party in connection with" the non-moving party's failure to timely oppose the dispositive motion. LCvR 7.2(f).

The Court finds that service of the Underlying Motions on local counsel via CM/ECF was effective service on Hamilton pursuant to Local Rule 83.3(b). Although a party filing via CM/ECF is required to manually serve "parties and/or attorneys" who are not CM/ECF users, the same local CM/ECF procedures specify that attorneys admitted to the bar of this Court, including those admitted *pro hac vice*, must register as CM/ECF users. (*See* Pl.'s Opp. Ex. 6.) Therefore, the Court finds that Plaintiff lacks a legitimate excuse for failing to timely respond to the Underlying Motions and finds that an award of fees and costs is proper as sanctions under Local Rule 7.2(f).

In the interest of deciding cases on the merits and because Plaintiff stands ready to respond to the Underlying Motions in a timely manner, the Court in its discretion will permit Plaintiff to file responses to the Underlying Motions no later than 10 days from the date of this Order. While A.O. Smith requests that the Court set any extension from the original due date for Plaintiff's responses, the Court finds that doing so would be impracticable.

**III.    Conclusion**

A.O. Smith's Motion to Deem Confessed (Doc. 41) is DENIED; Plaintiff's Motion for Extension (Doc. 42) is GRANTED; and Plaintiff's Unopposed Motion for Oral Argument (Doc. 44) is DENIED.

A.O. Smith's request for attorney fees and costs under Local Rule 7.2(f) is GRANTED. A.O. Smith is ORDERED to submit a motion for attorney fees and costs in this regard no later than one week from the date of this Order.

**ORDERED this 29th day of March, 2017.**

*/s/ Terence C. Kern*
TERENCE C. KERN
United States District Judge